**Raymond Gene PHENIX, Petitioner–Appellant,**

v.

**James SCHOMIG, Respondent–Appellee.**

No. 06–17128.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 4, 2010.

Cliff W. Marcek, Cliff W. Marcek, P.C., Las Vegas, NV, Law Offices of Geordan Goebel, Camarillo, CA, for Petitioner–Appellant.

Rene L. Hulse, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Nevada state prisoner Raymond Gene Phenix appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253, and we reverse and remand.

Phenix contends that he is entitled to equitable tolling because his 2004 federal habeas petition, which became time-barred under *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), was timely under circuit law in effect when the petition was filed. *See Dictado v. Ducharme,* 244 F.3d 724, 727–28 (9th Cir. 2001), *overruled by Pace,* 544 U.S. at 417, 125 S.Ct. 1807. Phenix is entitled to equitable tolling under this court's decision in *Harris v. Carter,* 515 F.3d 1051 (9th Cir. 2008).

Like the petitioner in *Harris,* Phenix filed his federal habeas petition in reliance on *Dictado,* and before the Supreme Court decided *Pace.* Phenix diligently pursued his rights by filing numerous petitions for state post-conviction relief "while ensuring that enough time would remain to file a federal habeas petition under the then-existing *Dictado* rule." *Id.* at 1055–56. Extraordinary circumstances over which Phenix had no control—the Supreme Court's decision in *Pace*—made it impossible for Phenix to timely file his petition. *Id.* at 1056. Accordingly, he is entitled to equitable tolling and his 2004 federal habeas petition is timely. *See id.* at 1057 ("Equitable principles dictate that we toll AEDPA's statute of limitations in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a federal habeas petition.").

Because we find that Phenix's petition is timely under *Harris,* we decline to reach the other certified issue.

We construe Phenix's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam). His motion to expand the certificate of appealability is also denied. *See id.*

Last, Phenix's motion to enlarge index of authorities is denied.

**REVERSED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.